UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS GUERRERO,<br><br>        Plaintiff,<br><br>v.<br><br>TOWN SQUARE ADULT MEDICAL DAY CARE CENTER CORPORATION and JOAN MARIE GRANATO.<br><br>        Defendants. | Civil Action No.<br><br>20-14344 (LDW)<br><br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** |

**THIS MATTER** comes before the Court on the parties' joint motion for settlement approval. (ECF No. 43). The parties have consented to proceed before a Magistrate Judge for all further proceedings, including entry of final judgment. (ECF No. 44).

### I. Background and Procedural History

1. The parties' proposed settlement resolves all claims in this action.

2. Plaintiff Carlos Guerrero commenced this action on October 13, 2020, alleging that defendants, comprising an adult medical day care center and its owner, failed to compensate him for hours worked between thirty-five and forty hours per week, and failed to pay him overtime wages for time worked in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq.* ("NJWHL"). (ECF No. 1 ¶¶ 28-32).

3. On November 24, 2020, the Clerk of Court entered default as to each defendant for failure to plead or otherwise defend in the action. On January 13, 2021, plaintiff consented to vacatur of the Clerk's entry of default as to both defendants. (ECF No. 9). Defendants filed an

Answer to plaintiff's Complaint on the same date, generally denying plaintiff's allegations and asserting affirmative defenses thereto. (ECF No. 10).

4. The undersigned began supervising pretrial proceedings and held an initial telephonic conference on March 3, 2021. (*See* ECF Nos. 12, 14). The parties engaged in fact discovery for over eighteen months, including the exchange of initial disclosures and completion of extensive written discovery. They simultaneously engaged in settlement discussions throughout the discovery period. (*See* ECF No. 43-1 at 13).

## II. Settlement Terms

5. By letter of October 6, 2022, plaintiff's counsel advised the Court that, after months of good faith, arms-length negotiations, the parties had reached a settlement in principle that resolved all of plaintiff's claims. (ECF Nos. 39).

6. After additional negotiations concerning the ancillary terms of settlement, the parties submitted a settlement agreement and joint request for settlement approval on October 28, 2022. (ECF No. 43).

7. The parties have agreed to settle this case for a total amount of $35,000.00, with the portion payable to plaintiff constituting just under 200% of his claimed unpaid wages. (ECF No. 43-1 at 9).

8. The parties agreed that the settlement sum is to be paid by checks sent to Jaffe Glenn Law Group, P.A., counsel for plaintiff, and distributed as follows:

   a. Defendants have agreed to pay to plaintiff Carlos Guerrero a total of $20,000.00 (ECF No. 43-2, ¶ 2).

      b.   Defendants have agreed to pay $13,897.60 in attorney's fees and $1,102.40 in reimbursement costs to plaintiff's counsel, Jaffe Glenn Law Group, P.A. (*Id.*; ECF No. 43-1 at 10-11).

### III.    Approval of Settlement

9.    To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. A. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

10.    "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability." *Id.* (internal quotations and alterations omitted).

11.    Here, the settlement resolves bona fide disputes over whether plaintiff was properly classified as an exempt worker, the number of hours plaintiff worked, and the amounts paid to him, and whether there was willfulness on the part of defendants within the meaning of the FLSA. (ECF No. 43-1 at 6). Plaintiff Carlos Guerrero, employed by defendants as a social services coordinator, alleges that he regularly worked approximately forty-three to forty-five hours per week, but was paid only for thirty-five hours per week, and further, that he was a nonexempt employee and was therefore entitled to overtime for time he alleges he worked in excess of forty hours per week. (*Id.* at 2-3).

12. In their Answer, defendants denied all substantive allegations. (ECF No. 10). Throughout the litigation, defendants maintained that they were not liable to plaintiff for failure to pay overtime wages, that plaintiff was properly classified as an exempt manager, and that plaintiff was paid for all hours worked, including both straight and overtime. (ECF No. 43-1 at 6).

13. "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

14. The Court has considered the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and finds that the settlement reflects a fair and reasonable compromise of disputed issues. The parties' settlement recognizes the expense of ongoing litigation as well as the risks of establishing liability and damages. As set forth in paragraph 7, *supra*, the settlement also compensates plaintiff in full for the wages allegedly due.

15. Further, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

16. Finally, the proposed settlement would not otherwise frustrate the implementation of the FLSA. The settlement agreement does not contain a confidentiality provision, nor does it contain a waiver of claims unrelated to the instant litigation. (ECF No. 43-2 ¶ 5). The agreement does include a mutual non-disparagement clause, but as it does not preclude plaintiff from discussing the terms of the settlement agreement, "it is not so restrictive that it frustrates the purpose of the FLSA." *Lyons v. Gerhard's, Inc.*, Civ. A. No. 14-06693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015). *See Mabry v. Hildebrandt*, Civ. A. No. 14-5525, 2015 WL 5025810, at

\*3 (E.D. Pa. Aug. 24, 2015) ("Courts have approved truly 'limited,' or narrowly drawn, confidentiality or non-disparagement clauses only where the clauses did not prevent plaintiffs from discussing the settlements with defendants' employees.").

17. Having considered the parties' submission in support of their joint application for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the final executed settlement agreement (ECF No. 43) and approves the payments to be made to plaintiff as set forth therein.

### IV.   Award of Attorneys' Fees and Costs

18. When evaluating the reasonableness of attorneys' fees in wage and hour cases, courts in the Third Circuit generally apply the percentage of recovery method, under which "the Court must determine whether the percentage of total recovery that the proposed award would allocate to attorneys' fees is appropriate based on the circumstances of the case." *Bredbenner v. Liberty Travel, Inc.*, Civ. A. Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at \*19 (D.N.J. Apr. 8, 2011) (quotation omitted).

19. Plaintiff's counsel seeks fees totaling $13,897.60, which represents just under 40% of the total settlement amount, as well as litigation costs in the sum of $1,102.40. (ECF No. 43 at 10). The proposed fee award represents a fraction of plaintiff's counsel's lodestar calculation of more than $20,000.00, which counsel voluntarily reduced in an effort to reach this settlement. (ECF No 43-1 at 13). Although the fee sought approaches the upper boundary of what is considered reasonable by courts in this Circuit, the Court approves the proposed fee in light of the length of this contentious litigation (nearly two years) and the discovery and motion practice in which counsel engaged (*see* ECF No. 23). *See, e.g.*, *Haynes v. Artech L.L.C.*, No. 20-9173, 2021 WL 3130826, at \*2 (D.N.J. July 23, 2021) (finding an award of attorneys' fees representing 40% of the total settlement amount reasonable); *In re Gen. Motors Corp. Pick-Up Fuel Tank Products*

*Liab. Litig.,* 55 F.3d 768, 822 (3d Cir. 1995) (noting that fee awards have ranged from 19 percent to 45 percent of the settlement fund).

### V.     Conclusion and Dismissal

20. The Court approves the terms and conditions of the settlement agreement.

21. The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.

22. The parties shall file a Stipulation of Dismissal With Prejudice on or before November 30, 2022, absent which the Court shall dismiss this action with prejudice on December 1, 2022 without further notice.

23. The Clerk of Court is requested to terminate the motion at ECF No. 43 and this action is hereby ordered CLOSED.

**It is SO ORDERED this 9th day of November, 2022.**

                                                                *s/ Leda Dunn Wettre*
                                                                 Hon. Leda Dunn Wettre
                                                                 United States Magistrate Judge